Green, J.
The substance of the opinion and direction of the court, excepted to by Potoell, was, that Watson was entitled to a confirmation of the common order at the rule day preceding the then term of the court, and that what had been done in the office should be corrected accordingly, so as to put the cause on the list of office judgements of that term. If this had been done; if the office judgement had been entered on the docket, and not set aside during the term, it would have been final: and if the court erred in correcting the rules so as to produce that result, it might have been reversed for that error, which in that case would have been the foundation of the judgement. But the judgement appealed from, was not the consequence of, or in any degree affected by, that opinion and direction of the court: they were not in fact carried into effect. But if they had been, the voluntary plea of the defendant upon the merits, would have authorized and bound the court to set *8 aside the office judgement, and no question could after-wards be entertained as to the validity of the judgement so set aside. But no office judgement having in fact been entered on the docket, there was none to set aside. The interposition of the defendant’s plea obviated the necessity of entering any office judgement, and was a waiver of all objections on his part to the former proceedings and order. The judgement appealed from, being clearly right in itself, must be affirmed, whether the opinion and direction of the court below in respect to the proceedings at rules, were right or wrong; a question of which the court, therefore, waives the discussion.
Judgement affirmed.